THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
HILLSBOROUGH COUNTY
SOUTHERN DISTRICT

I, Amy M. Feliciano, Clerk of the Superior Court of the State of New Hampshire for
the County of Hillsborugh, Southern District, the same being a court of record having a
seal, and having custody of the records of the said Superior Court, do hereby certify that
the attached are true copies of the Complaint, Summons on Complaint, Appearance of J.
Bradford Westgate, Answer of Harbor Homes, Inc., Appearance of J. Daniel Marr, Answer
of Enterprise Bank and Trust Company, Appearance of Nicholas A. Kanakis, Answer of
Nicholas A. Kanakis, Answer of New Hampshire Community Loan Fund, Inc., Motion to
Extend Time for Service, Appearance of Peter J. Nicosia, Request for New Summons,
Appearance of Kristin G. Fields, Answer of Ahang Holdings, LLC, two Summons on
Complaint, Return of Service, Appearance of William Barry, Answer of GSR Ventures,
Inc. Acceptance of Service, Docket Markings as tp Zhang Holdings LLC Only, Answer of
SPSC Associates LLC, Notice of Removal, in the action case # 226-2024-CV-00102 1987
Tamposi Limited Partnership  v. Department of Transportation Federal Aviation
Administration, et al of said Superior Court.

In witness whereof I have hereunto set my hand
and affixed the seal of said Superior Court at
this 12th day of June A.D. 2024



Kathleen D. Brown
Deputy Clerk of Court
June 12, 2024

Amy M. Feliciano
Clerk of Superior Court

Filed
File Date: 5/8/2024 2:43 PM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                           SUPERIOR COURT
SOUTHERN DISTRICT                          226-2024-CV-00102

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration et al

## ACCEPTANCE OF SERVICE

NOW COMES, J. Bradford Westgate, Esq., counsel for the Defendant, Harbor Homes,

Inc., in the above matter, hereby waiving any right to service by sheriff and accepting service of

the Summons and Complaint in the above matter on behalf of Harbor Homes, Inc.

Dated: March 12, 2024

J. Bradford Westgate, Esq. (NH Bar # 2716)
Winer & Bennett, LLP
402 Amherst Street, Suite 302
Nashua, NH 03063
(603) 882-5157
jbwestgate@winerbennett.com

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 24-2083-CP
HILLSBOROUGH COUNTY SC, SOUTH
DOCKET NUMBER 226-2024-CV-00102

1987 TAMPOSI LIMITED PARTNERSHIP V. HARBOR HOMES, INC. & ENTERPRISE BANK,
INC. & GSR VENTURES, L

04/02/2024

    I SUMMONED THE WITHIN NAMED ENTERPRISE BANK, INC.
 BY GIVING IN HAND TO TIFFANY CARPENITO, SENIOR BRANCH SERVICE MANAGER FOR
THE WITHIN NAMED, BEING AT 493 AMHERST ST NASHUA, NH, AN ATTESTED COPY OF
THIS SUMMONS AT 10:37am.

_____
DEPUTY SHERIFF AUSTIN BERNARD

RETURN OF SERVICE

MERRIMACK, SS.                                        03/08/2024

    I, DEPUTY MICHAEL A DOYLE, make oath that on 03/08/2024 at 01:45pm, I
served the within named NEW HAMPSHIRE COMMUNITY LOAN FUND, INC., by leaving
at then office with Amanda Mischke, located at 7 WALL ST, CONCORD, NH, a
copy of the Summons and Complaint, attested by the Clerk of the Court.


FEES

        Service      $32.43
        Postage       1.00
        Travel       18.34
                     _____

TOTAL                $51.77


                                    _____
                                        DEPUTY MICHAEL A DOYLE
                                    Merrimack County Sheriff's Office

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 24-2083-CP
HILLSBOROUGH COUNTY SC, SOUTH
DOCKET NUMBER 226-2024-CV-00102

1987 TAMPOSI LIMITED PARTNERSHIP V. HARBOR HOMES, INC. & ENTERPRISE BANK,
INC. & GSR VENTURES, L

04/18/2024

    I SUMMONED THE WITHIN NAMED GSR VENTURES, LLC
 BY LEAVING AT THE ABODE OF GERALD ROTH, REGISTERED AGENT FOR THE WITHIN
NAMED, BEING AT 10 QUARRY RD NASHUA, NH, AN ATTESTED COPY OF THIS SUMMONS
AT 07:05pm.

_____
DEPUTY SHERIFF AUSTIN BERNARD

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 24-2083-CP
HILLSBOROUGH COUNTY SC, SOUTH
DOCKET NUMBER 226-2024-CV-00102


1987 TAMPOSI LIMITED PARTNERSHIP V. HARBOR HOMES, INC. & ENTERPRISE BANK,
INC. & GSR VENTURES, L

04/09/2024


    I SUMMONED THE WITHIN NAMED MILLYARD BANK
 BY GIVING IN HAND TO FRANK TEAS, PRESIDENT FOR THE WITHIN NAMED, BEING AT
57 NORTHEASTERN BLVD NASHUA, NH, AN ATTESTED COPY OF THIS SUMMONS AT
11:43am.


_____

DEPUTY SHERIFF AUSTIN BERNARD

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 24-2083-CP
HILLSBOROUGH COUNTY SC, SOUTH
DOCKET NUMBER 226-2024-CV-00102


1987 TAMPOSI LIMITED PARTNERSHIP V. HARBOR HOMES, INC. & ENTERPRISE BANK, INC. & GSR VENTURES, L

04/18/2024


I SUMMONED THE WITHIN NAMED NASHUA ELKS LODGE 720
BY GIVING IN HAND TO ROB SCHNEIDER, EXALTED RULER FOR THE WITHIN NAMED,
BEING AT 12 MURPHY DR Apt. #3 NASHUA, NH, AN ATTESTED COPY OF THIS SUMMONS
AT 06:54pm.


DEPUTY SHERIFF AUSTIN BERNARD

```
                    HILLSBOROUGH COUNTY SHERIFF'S OFFICE
                              329 MAST ROAD
                          GOFFSTOWN, NH 03045

                           RETURN OF SERVICE
```

SHERIFF WRIT 24-2083-CP
HILLSBOROUGH COUNTY SC, SOUTH
DOCKET NUMBER 226-2024-CV-00102


1987 TAMPOSI LIMITED PARTNERSHIP V. HARBOR HOMES, INC. & ENTERPRISE BANK,
INC. & GSR VENTURES, L

                                                    04/09/2024



    I SUMMONED THE WITHIN NAMED ZHANG HOLDINGS, LLC
 BY GIVING IN HAND TO XIAOZHONG ZHANG, REGISTERED AGENT FOR THE WITHIN
NAMED, BEING AT 12 MURPHY DR Apt. #100 NASHUA, NH, AN ATTESTED COPY OF THIS
SUMMONS AT 11:38am.



                           _____
                           DEPUTY SHERIFF AUSTIN BERNARD

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 24-2033-CP
HILLSBOROUGH COUNTY SC, SOUTH
DOCKET NUMBER 226-2024-CV-00102

1987 TAMPOSI LIMITED PARTNERSHIP V. TD BANK

03/07/2024

    I SUMMONED THE WITHIN NAMED TD BANK
BY GIVING IN HAND TO ANGEL CUADRADO, STORE MANAGER FOR THE WITHIN NAMED,
BEING AT 300 FRANKLIN ST MANCHESTER, NH, AN ATTESTED COPY OF THIS SUMMONS
AT 10:40am.

_____
        DEPUTY SHERIFF PAUL MONTRAY

# THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                         SUPERIOR COURT
SOUTHERN DISTRICT                                        226-2024-CV-00102

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration et al

## **ACCEPTANCE OF SERVICE**

NOW COMES, Peter J. Nicosia, Esq., counsel for the Defendant, SPSC Associates LLC,

in the above matter, hereby waiving any right to service by sheriff and accepting service of the

Summons and Complaint in the above matter.

Dated:  5|7|24

_____
Peter J. Nicosia, Esq. (NH Bar # 14922)
Nicosia & Associates, PC
P.O. Box 721
259 Middlesex Road
Tyngsboro, MA  01879
(978) 649-4300
nicosia@nicosia-associates.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name: **1987 Tamposi Limited Partnership v Department of Transportation Federal Aviation Administration, et al**
Case Number: **226-2024-CV-00102**

Date Complaint Filed: February 27, 2024

A Complaint has been filed against Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| April 18, 2024 | 1987 Tamposi Limited Partnership shall have this Summons and the attached Complaint served upon Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| May 09, 2024 | 1987 Tamposi Limited Partnership shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Paul Mario DeCarolis, ESQ          Gottesman & Hollis PA 39 E Pearl St Nashua NH  03060

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
3/4/2024 12:46 PM

| | |
|---|---|
| Department of Transportation Federal Aviation Administration | 12 New England Executive Park Burlington MA  01803 |
| Harbor Homes, Inc | 45 Hight Street Nashua NH  03060 |
| Enterprise Bank | 493 Amherst Street Nashua NH  03063 |
| New Hampshire Community Loan Fund, Inc | 7 Wall Street Concord NH  03301 |
| GSR Ventures, LLC | 10 Quarry Road Nashua NH  03062 |
| The Millyard Bank | 57 Northeastern Boulevard Nashua NH  03062 |
| Nashua Lodge 720 Benevolent and Protective Order of Elks | 12 Murphy Drive Unit 3 Nashua NH  03062 |
| Zhang Holdings, LLC | 12 Murphy Drive Suite 100 Nashua NH  03062 |
| TD Bank, NA | 300 Franklin Street Manchester NH  03101 |
| SPSC Associates, LLC | c/o Residuary Trust under Article Fourth u/w/o James F Gieber 10 Drum Hill Lane Randolph NJ  07869 |

BY ORDER OF THE COURT

March 04, 2024

Amy M. Feliciano
Clerk of Court

(1261021)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District          Telephone: 1-855-212-1234
30 Spring Street                                       TTY/TDD Relay: (800) 735-2964
Nashua NH  03060                                       http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

|  |  |
|---|---|
| | **1987 Tamposi Limited Partnership v Department of Transportation** |
| Case Name: | **Federal Aviation Administration, et al** |
| Case Number: | **226-2024-CV-00102** |

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Southern District.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Hillsborough Superior Court Southern District** as the location.

3. Select "I am filing into an existing case".  Enter **226-2024-CV-00102** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 2/27/2024 9:05 AM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS
SOUTHERN DISTRICT

SUPERIOR COURT
226-2024-CV-00102

**1987 Tamposi Limited Partnership**
20 Trafalgar Square, Suite 310
Nashua, New Hampshire 03063

v.

**Department of Transportation**
**Federal Aviation Administration**
New England Region
12 New England Executive Park
Burlington, MA 01803
and
**Harbor Homes, Inc.**
45 High Street
Nashua, New Hampshire 03060
and
**Enterprise Bank**
493 Amherst Street
Nashua, New Hampshire 03063
and
**New Hampshire Community Loan Fund, Inc.**
7 Wall Street
Concord, New Hampshire 03301
and
**GSR Ventures, LLC**
10 Quarry Road
Nashua, New Hampshire 03062
and
**The Millyard Bank**
57 Northeastern Boulevard
Nashua, New Hampshire 03062
and
**Nashua Lodge 720 Benevolent and Protective Order**
**of Elks of the United States of America**
12 Murphy Drive, Unit 3
Nashua, New Hampshire 03062
and
**Zhang Holdings LLC**
12 Murphy Drive, Suite 100
Nashua, New Hampshire 03062

and
**TD Bank, NA**
300 Franklin Street
Manchester, New Hampshire 03101
and
**SPSC Associates, LLC**
**c/o Residuary Trust under Article Fourth u/w/o James F Gieber**
10 Drum Hill Lane
Randolph, New Jersey 07869

## PETITION TO QUIET TITLE

NOW COMES the Plaintiff, 1987 Tamposi Limited Partnership, by and through its

counsel, Gottesman & Hollis, P.A. and complains against the Defendants, Department of

Transportation FAA, Harbor Homes, Inc., Enterprise Bank, Community Loan Fund, GSR

Ventures, LLC, Millyard Bank, Nashua Lodge 720 Benevolent and Protective Order of Elks of

the United States of America, Zhang Holdings, LLC, TD Bank, NA and SPSC Associates, LLC

c/o Residuary Trust under Article Fourth u/w/o James F Gieber, and states as follows:

### PARTIES

1.      The Plaintiff, 1987 Tamposi Limited Partnership, a New Hampshire limited

partnership with a principal place of business at 20 Trafalgar Square, Suite 310, Nashua, New

Hampshire.

2.      The Defendant, Department of Transportation, Federal Aviation Administration,

New England Region is a United States government organization with a mailing address of 12

New England Executive Park, Burlington, Massachusetts.

3.      The Defendant, Harbor Homes, Inc. is a New Hampshire non-profit corporation

with a principal place of business at 45 High Street, Nashua, New Hampshire.

4.     The Defendant, Enterprise Bank and Trust Company is a foreign profit corporation with a principal address of 222 Merrimack Street, Lowell, Massachusetts with a branch office located at 493 Amherst Street, Nashua, New Hampshire.

5.     The Defendant, New Hampshire Community Loan Fund, Inc. is a New Hampshire non-profit corporation with a principal address of 7 Wall Street, Concord, New Hampshire.

6.     The Defendant, GSR Ventures, LLC is a domestic limited liability corporation with a principal address of 12 Murphy Drive, Unit 100, Nashua, New Hampshire.

7.     The Defendant, The Millyard Bank is a domestic profit corporation with a principal address of 57 Northeastern Boulevard, Nashua, New Hampshire.

8.     The Defendant, Nashua Lodge 720 Benevolent and Protective Order of Elks of the United States of America is a New Hampshire non-profit corporation with a principal address of 12 Murphy Drive, Unit 3, Nashua, New Hampshire.

9.     The Defendant, Zhang Holdings, LLC is a domestic limited liability corporation with a principal address of 12 Murphy Drive, Suite 100, Nashua, New Hampshire.

10.     The Defendant, TD Bank, N.A., is a national banking association, with a principal address at 2035 Limestone Road, Wilmington, Delaware with a local main office at 300 Franklin Street, Manchester, New Hampshire.

11.     The Defendant, SPSC Associates, LLC is a domestic limited liability company with a mailing address of  c/o Residuary Trust under Article Fourth u/w/o James F Gieber, 10 Drum Hill Lane, Randolph, New Jersey.

12.     This court has jurisdiction as the real estate in question is owned by the Plaintiff is located in Nashua, County of Hillsborough and State of New Hampshire.

FACTS

13.     The Plaintiff is the owner of the real estate located at 57 Northeastern Boulevard,

Nashua, New Hampshire, and shown as Tax Map 140, Lot 68 on the City of Nashua Tax

Assessor's sheets.  The property was conveyed to the Plaintiff by deed of Q. Peter Nash and

Debra A. Nash, Trustees of the Gerald Q. Nash 1987 Trust, David Tully and Samuel A. Tamposi,

Jr. Trustees of the Samual A. Tamposi 1987 Trust, Ballinger Properties, LLC and Five N

Associates, dated April 5, 1995, and recorded in the Hillsborough County Registry of Deeds in

Book 5620, Page 601. Reference is also made to a name change document recorded in said

Registry February 1, 2000 in Book 6205, Page 1463.

14.     The Plaintiff's property is also shown as Lot 68/Sheet 140 on a Plan of Land

entitled "Subdivision Plan, 55 Northeastern Boulevard, Nashua, NH" dated May 28, 2002 and

recorded in the Hillsborough County Registry of Deeds as Plan No. 32343.

15.     The Defendant, Department of Transportation, Federal Aviation Administration,

New England Region is the owner of property located at 11 Murphy Drive, Nashua, New

Hampshire and acquired title by deed dated August 18, 1995 and recorded in the Hillsborough

County Registry of Deeds in Book 5649, Page 1296.

16.     Harbor Homes, Inc. is the owner of property located at 75-77 Northeastern

Boulevard, Nashua, New Hampshire and acquired title by deed dated January 11, 2017 and

recorded in the Hillsborough County Registry of Deeds at Book 8936, Page 1207.

17.     The Defendant, Enterprise Bank and Trust Company is the holder of a mortgage

granted by Harbor Homes, Inc., said mortgage recorded in the Hillsborough County Registry of

Deeds at Book 8936, Page 1210 and an Assignment of Rents and Leases recorded at Book 8936,

Page 1232.

18.     The Defendant, New Hampshire Community Loan Fund, Inc. is the holder of a mortgage granted by Harbor Homes, Inc., said mortgage is recorded in the Hillsborough County Registry of Deeds at Book 8936, Page 1237 and an Assignment of Rents and Leases recorded at Book 8936, Page 1257.

19.     GSR Ventures is the owner of 12 Murphy Drive, Unit 100, Nashua, New Hampshire and acquired title by deed dated August 15, 2005 and recorded in the Hillsborough County Registry of Deeds in Book 7524, Page 2615.

20.     The Defendant, The Millyard Bank is the holder of a mortgage granted by GSR Ventures, LLC, said mortgage recorded in the Hillsborough County Registry of Deeds at Book 9642, Page 2915 and an Assignment of Rents and Leases recorded at Book 9642, Page 2932.

21.     The Defendant, Nashua Lodge 720 Benevolent and Protective Order of Elks of the United States of America is the owner of property located at 12 Murphy Drive, Unit 3, Nashua, New Hampshire and acquired title to the property by deed dated July 22, 2016 and recorded in the Hillsborough County Registry of Deeds at Book 8877, Page 2882.

22.     The Defendant, Zhang Holdings LLC is the owner of property located at 12 Murphy Drive, Suite 100, Nashua, New Hampshire and acquired title to the property by deed dated March 23, 2023 and recorded in the Hillsborough County Registry of Deeds at Book 9690, Page 2200.

23.     The Defendant, TD Bank, N.A. is the holder of a mortgage granted by Zhang Holdings LLC, said mortgage recorded in the Hillsborough County Registry of Deeds at Book 9690, Page 2202 and an Assignment of Leases and Rents recorded at Book 9690, Page 2236.

24.     SPSC Associates, LLC is the owner of property located at 85 Northeastern Boulevard, Nashua, New Hampshire and acquired title by deed dated April 22, 1999 and recorded in the Hillsborough County Registry of Deeds at Book 6093, Page 1165.

25.     The above-referenced Subdivision Plan was submitted to the City of Nashua Planning Board.  Following a public hearing and on August 8, 2002, the City of Nashua Planning Board approved the Subdivision Plan.  The plan of land creating the Plaintiff's lot was recorded in the Hillsborough County Registry of Deeds on March 21, 2003 as Plan No. 32343.

26.     The subdivision application and the approved plan depicted the creation of the Plaintiff's lot whereby the lot would contain 2.18 acres.

27.     On May 13, 2003, the City of Nashua Building Inspector issued a "Foundation Only" building permit for the property.  In 2003, the Plaintiff constructed the foundation in accordance with the permit.  The foundation is set back approximately 30 feet from Northeastern Boulevard.

28.     A site plan dated September 4, 2019 was prepared on behalf of the Plaintiff and submitted with the City of Nashua Planning Board.  The 2019 site plan depicted a two-story building with associated parking areas, accessways, walkways and drainage areas.  The site plan depicted a building with less than 75 feet building setback from Northeastern Boulevard.

29.     A 28,000 square foot commercial office building and improvements including parking, access ways, drainage areas and landscaping was constructed on the property in 2020.  The building was constructed on the foundation installed in 2003.

30.     The site plan depicted paving and other artificial surface areas, some of which had a setback of less than 10 feet from all property lines on the lot.

31.     The 2019 site plan also depicted the lot as containing 2.18 acres.

32.     On April 4, 1977, Samuel A. Tamposi and Gerald Q. Nash executed a Declaration

of Covenants which was recorded in the Hillsborough County Registry of Deeds on April 20,

1977 at Book 2521, Page 631, hereinafter "Covenants". A copy of the Covenants is attached

hereto as Exhibit 1.

33.     The Covenants imposed several restrictions on the Plaintiff's property including

the following Covenants:

      A.     There shall be no use or sale or conveyance of any lot in the above-
described parcels unless such lot shall be at least three (3) acres in size.

      B.     No more than forty percent (40%) of the area of any such lot shall be
utilized by any buildings or structures or combination thereof.

      C.     Every building or structure on any such lot shall be set back a minimum of
seventy-five (75) feet from all street lines, and a minimum of thirty (30)
feet from all other property lines of the lot on which they stand.  All
paving or other artificial surfacing shall be set back a minimum of ten (10)
feet from all property lines of the lot on which it is placed.

        . . .

      H.     The said premises shall be used in conformity with the requirements of the
Zoning Ordinance of the City of Nashua as amended to July 22, 1966.

34.     Since 2002, the subject parcel has contained 2.18 acres whereas Covenant A

requires 3 acres.

35.     The subject property contains building area, including paved areas, access ways

and walk ways, which comprise more than 40% of the area of the lot.

36.     The building on the property is located less than 75 feet from Northeastern

Boulevard, specifically, the building is located approximately 30 feet from Northeastern

Boulevard and elements of the paving and other artificial surface areas are not set back 10 feet

from all property lines.

37.     The violation of the lot size and location of the building foundation has been in existence for over 21 years. The violation of lot lines has been publicly disclosed, notice of which was provided to the Defendants or their predecessors in title and installed in such a way that it has been open, obvious and notorious.

38.     The building, ancillary structures, improvements and setbacks conform to the Zoning Ordinance for the City of Nashua in effect at the time of the construction. The Zoning Ordinance in effect in 1966 is not applicable to the building as constructed and approved decades later.

39.     No person acting through the Defendants or any other person have protested or objected to any violation of the Covenants or otherwise sought to enforce the Covenants.

40.     At the time of the creation of the Covenants in 1977, the Plaintiff's property was vacant. The improvements and structures constructed are significant changes to the property. These improvements are in harmony with the existing uses of the area including the uses of the Defendants' properties. The Defendants would not be benefitted by enforcement of the Covenants.

41.     Injunctive relief against violation of the obligations arising out of a promise respecting the use of land cannot be secured if conditions have so changed since the making of the promise as to make it impossible longer to secure in a substantial degree the benefits intended to be secured by the performance of the promise. See *Restatement (First) of Property* § 564 (1944) cited in *Goldberg v Al Tinson, Inc.* 115 N.H. 271, 274 ((1975).

42.     All actions of the Plaintiff were done in a public manner, openly and conspicuously. In reliance upon the lack of any objection, the building was constructed on the

8

property and in conformance with the site plan and subdivision plan. Any enforcement of the Covenants is unreasonable and will cause substantial prejudice to the Plaintiff.

43.     Because it is an equitable doctrine, "laches will constitute a bar to suit only if the delay was unreasonable and prejudicial." *Jenot v. White Mt. Acceptance Corp.,* 124 N.H. 701, 710, 474 A.2d 1382, 1387 (1984).

44.     The Covenants constitute a cloud upon the Plaintiff's title to the property and no benefit would accrue to the Defendants by any enforcement thereof.

45.     Plaintiff seeks a declaratory ruling that the Covenants are null and void and that an enforcement action cannot be maintained as a result of the expiration of 20 years since the lot was created and the foundation installed, the changed circumstances and the unreasonable delay on behalf of the Defendants or any other person or entity thereunder who would have standing to enforce the Covenants.

WHEREFORE, the Plaintiff respectfully requests:

A.      That the Court schedule this matter for a hearing on the merits;

B.      That the Court issue and rule that the Defendants may not enforce the Covenants so that the Plaintiff may continue to use and occupy the building, structures and improvements constructed on Lot 68/140 being 57 Northeastern Boulevard, Nashua, New Hampshire consistent with the site plans and permits as approved by the City of Nashua, unencumbered by the Declaration of Covenants;

C.      For such other and further relief as may be just.

Respectfully submitted,

1987 TAMPOSI LIMITED PARTNERSHIP,
By Its Sole General Partner,
Ballinger Properties, L.L.C.

Dated: _February 26, 2024_

By: _____, Manager
Samuel A. Tamposi, Jr., Manager

BY AND THROUGH ITS ATTORNEYS,
GOTTESMAN & HOLLIS, PA

Dated: _February 26, 2024_

By: _____
Paul M. DeCarolis, Esq. (NH Bar #596)
39 East Pearl Street
Nashua, NH  03060
(603) 889-5959
pdecarolis@nh-lawyers.com

10

Filed
File Date: 5/28/2024 1:32 PM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                      SUPERIOR COURT
SOUTHERN DISTRICT                                    226-2024-CV-00102



True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration et al

## **AFFIDAVIT OF SERVICE**

I, Paul M. DeCarolis, counsel for the Plaintiff, 1987 Tamposi Limited Partnership, under oath, and states as follows:

1.      On February 27, 2024, Plaintiff filed its Petition to Quiet Title with this Court relating to various defendants.

2.      On March 6, 2024, Plaintiff's counsel forwarded the Summonses and Petitions to Quitet Title to the multiple sheriff departments for service on the various defendants.  As to defendant Department of Transportation, Federal Aviation Administration, the Summons and Petition to Quiet Title was forwarded to the Middlesex County Sheriff's Office for service on the FAA at 12 New England Executive Park in Burlington, Massachusetts.  On April 2, 2024, undersigned counsel received a call from the Middlesex County Sheriff's Office indicating that they were backlogged and were attempting to serve the FAA prior to the service deadline.  On May 9, 2024, the Middlesex County Sheriff's Office returned the Summons and Petition to Quiet Title as undeliverable as they were unable to gain accessed to the secured facility at 12 New England Executive Park in Burlington, Massachusetts.

3.      On April 18, 2024, Plaintiff's counsel filed a Motion to Extend the Deadline for service on multiple defendants.  The Court approved the Motion on April 30, 2024.

4.      On May 16, 2024, pursuant to RSA 510:4, a copy of the Summons and Petition to Quiet Title was served upon the New Hampshire Secretary of State and the $10.00 fee was paid on behalf of the defendant. A copy of the return of service is attached as Exhibit A.

5.      On May 20, 2024, a copy of the process served upon the Secretary of State was sent by registered mail, postage prepaid, return receipt requested to the Department of Transportation, Federal Aviation Administration at its address of 12 New England Executive Park, Burlington, Massachusetts 01803.

6.      The registered mail, postage prepaid, return receipt requested was returned on May 28, 2024 indicating that the registered mail was received by the Department of Transportation, Federal Aviation Administration at its address of 12 New England Executive Park, Burlington, Massachusetts 01803 on May 22, 2024. See postage return receipt card is attached as Exhibit B.

Dated: May 28, 2024

Paul M. DeCarolis, NH Bar No. 596
Gottesman & Hollis, PA
39 East Pearl Street
Nashua, NH 03060
(603)318-0447
pdecarolis@nh-lawyers.com

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROGH

Subscribed and sworn to on this 28th day of May, 2024.

Justice of the Peace

Cynthia M. Genest
★ Justice of the Peace, New Hampshire ★
My Commission Expires July 12, 2027

2

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2024, this document was filed through the Court's electronic filing system and will be served electronically to all interested parties.

Paul M. DeCarolis, Esq.

**Merrimack County Sheriff's Office**

DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

# EXHIBIT A

DOT, FEDERAL AVIATION ADMINISTRATION
12 NEW ENGLAND EXECUTIVE PARK
BURLINGTON, MA 01803

AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                     5/16/24

    I, SERGEANT STACIE FISKE, this date at 11:10 a.m./p.m., summoned the within named defendant DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION as within commanded by leaving at the office of David Scanlan, Secretary of State of New Hampshire, its true and lawful Attorney for the service of process under, and by virtue of, Chapter 510:4, New Hampshire Revised Statutes Annotated, as amended, a true and attested copy of this Summons and Complaint w/ Petition to Quiet Title, and I paid the Secretary of State ten ($10.00) dollars as his fee for accepting service.

FEES

| | |
|---|---|
| Service | $32.43 |
| Postage | 1.00 |
| Travel | 18.34 |
| PD to SOS | 10.00 |
| TOTAL | $61.77 |

_____
SERGEANT STACIE FISKE
Merrimack County Sheriff's Office

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dept of transportation
FAA
New England Region
12 New England Executive Part
Burlington MA 01803

9590 9402 8708 3310 6706 96

2. Article Number *(Transfer from service label)*

RE 277 714 423 US

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Carlos A Kurz
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
Carlos A. Kurz

C. Date of Delivery
5/22/24

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
  Mail Restricted Delivery
  .00)

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

Filed
File Date: 4/11/2024 1:19 PM
Hillsborough Superior Court Southern District
E-Filed Document

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                SOUTHERN DISTRICT                SUPERIOR COURT


True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration, et al

226-2024-CV-00102

## ENTERPRISE BANK AND TRUST COMPANY'S ANSWER
## TO PLAINTIFF'S PETITION TO QUIET TITLE

**NOW COMES** Enterprise Bank and Trust Company, by and through its attorneys, Hamblett & Kerrigan, and Answers the Petition to Quiet Title as follows:

1.      Enterprise Bank and Trust Company (hereinafter "Enterprise Bank") is the secured lender of Harbor Homes, Inc. (hereinafter "Harbor Homes") related to this property.  Having reviewed the Answer of Harbor Homes to Plaintiff's Petition, Enterprise Bank incorporates by reference their responses thereto.  Further, Enterprise Bank takes no further position other than those taken by its borrower Harbor Homes.

**WHEREFORE**, Enterprise Bank respectfully requests this Honorable Court to:

A.      Provide due consideration to the Petition, Harbor Home's Answers, and all other Answers and pleadings filed by and on behalf of all the parties; and

B.      Grant such other and further relief as is just and proper.

Respectfully submitted,
**ENTERPRISE BANK AND TRUST COMPANY**
By Its Attorneys,
**HAMBLETT & KERRIGAN, P.A.**

DATED:  APRIL 11, 2024                By:  /s/  J. Daniel Marr
                                            **J. DANIEL MARR, ESQUIRE**
                                            NH Bar No.:  4091
                                            20 Trafalgar Square
                                            Suite 505
                                            Nashua, NH  03063
                                            (603) 883-5501
                                            dmarr@hamker.com

### CERTIFICATE OF SERVICE

I  hereby certify that I have this day served the foregoing **Enterprise Bank and Trust Company's Answer to Plaintiff's Petition to Quiet Title** via electronic filing upon counsel who have entered electronic service contacts (email addresses) and have mailed copies to all other interested parties.

DATED:  APRIL 11, 2024                  /s/  J. Daniel Marr
                                            **J. DANIEL MARR, ESQUIRE**

Filed
File Date: 5/15/2024 11:26 AM
Hillsborough Superior Court Southern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                      SUPERIOR COURT
SOUTHERN DISTRICT                                    226-2024-CV-00102



True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration et al

### ANSWER BY GSR VENTURES, LLC, TO PETITION TO QUIET TITLE

NOW COMES GSR Ventures, LLC, a Defendant in the above matter, by and through its counsel, Barry & Honorow, PLLC, and ANSWERS the Petition to Quiet Title filed by 1987 Tamposi Limited Partnership and states as follows, the numbers below corresponding to the numbers in the Petition.

### PARTIES

1.      GSR Ventures, LLC, ADMITS the statements in paragraph 1.

2.      GSR Ventures, LLC, ADMITS the statements in paragraph 2.

3.      GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 3 and thus DENIES the same.

4.      GSR Ventures, LLC, ADMITS the statements in paragraph 4.

5.      GSR Ventures, LLC, ADMITS the statements in paragraph 5.

6.      GSR Ventures, LLC, ADMITS the statements in paragraph 6.

7.      GSR Ventures, LLC, ADMITS the statements in paragraph 7.

8.      GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 8 and thus DENIES the same.

9.      GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 9 and thus DENIES the same.

10.     GSR Ventures, LLC, ADMITS the statements in paragraph 10.

11.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 11 and thus DENIES the same.

12.     GSR Ventures, LLC, ADMITS the statements in paragraph 12.

<u>FACTS</u>

13.     GSR Ventures, LLC, ADMITS the statements in paragraph 13.

14.     GSR Ventures, LLC, ADMITS the statements in paragraph 14.

15.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 15 and thus DENIES the same.

16.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 16 and thus DENIES the same.

17.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 17 and thus DENIES the same.

18.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 18 and thus DENIES the same.

19.     GSR Ventures, LLC, ADMITS the statements in paragraph 19.

20.     GSR Ventures, LLC, ADMITS the statements in paragraph 20.

21.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 21 and thus DENIES the same.

22.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 22 and thus DENIES the same.

23.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 23 and thus DENIES the same.

24.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 24 and thus DENIES the same.

25.     GSR Ventures, LLC, ADMITS the statements in paragraph 25.

26.     GSR Ventures, LLC, ADMITS the statements in paragraph 26.

27.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 27 and thus DENIES the same.

28.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 28 and thus DENIES the same.

29.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 29 and thus DENIES the same.

30.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 30 and thus DENIES the same.

31.     GSR Ventures, LLC, ADMITS the statements in paragraph 31.

32.     GSR Ventures, LLC, ADMITS the statements in paragraph 32.

33.     GSR Ventures, LLC, ADMITS the statements in paragraph 33.

34.     GSR Ventures, LLC, ADMITS the statements in paragraph 34.

35.     GSR Ventures, LLC, ADMITS the statements in paragraph 35.

36.     GSR Ventures, LLC, ADMITS the statements in paragraph 36.

37.     GSR Ventures, LLC, ADMITS that the violation of the lot size and location of the building foundation has been in existence for over 21 years; however, GSR Ventures, LLC, is without information as to the allegations set forth in the second sentence of paragraph 37 and thus DENIES the same.

38.     GSR Ventures, LLC, is without sufficient information to admit or deny the statements in paragraph 38 and thus DENIES the same.

39.     GSR Ventures, LLC, ADMITS that it never protested or objected to the violation of the Covenants and did not seek to enforce the Covenants, but is without sufficient information as to whether any other person so protested or objected to any violation of the Covenants or sought to enforce the Covenants and thus DENIES that aspect of paragraph 39.

40.     GSR Ventures, LLC, ADMITS the statements in paragraph 40.

41.     The statements in paragraph 41 are conclusions or statements of law and thus no response is necessary.

42.     GSR Ventures, LLC, ADMITS that the allegations in the first sentence of paragraph 42 but is without sufficient information to admit or deny the allegations in the second and third sentences of paragraph 42 and thus DENIES the same.

43.     The statements in paragraph 43 are conclusions or statements of law and thus no response is necessary.  GSR Ventures, LLC, states that the more accurate quote from Jenot v. White Mt. Acceptance Corp., 124 N.H. 701 (1984) is "When the delay in bringing suit is less than the applicable limitation period, laches will constitute a bar to suit only if the delay was unreasonable and prejudicial.  .  .  .The party asserting laches **bears** the burden of proving both that the delay was unreasonable and that prejudice resulted from the delay." *Id.* at 710. Citation omitted.  Emphasis added.

44.     GSR Ventures, LLC, ADMITS that the Covenants constitute a cloud upon the Plaintiff's title and ADMITS that no benefit would accrue to GSR Ventures, LLC, by any enforcement thereof, but is without sufficient information to admit or deny whether any benefit would accrue to any other Defendants and thus DENIES the same.

45.     GSR Ventures, LLC, states that the statements in paragraph 45 are not statements of fact but prayers for relief and/or conclusions at law and thus no response is required.

  WHEREFORE, GSR Ventures, LLC, prays that the Court give due consideration to the Petition, GSR Ventures, LLC,'s Answer and all answers and other pleadings filed by or on behalf of all parties.

                                    Respectfully submitted,
                                    GSR Ventures, LLC,
                                    By its Attorneys,
                                    Barry & Honorow, PLLC

Dated: May 15, 2024               By:   /s/ William H. Barry III
                                       William H. Barry III (NH Bar #326)
                                       161 Kinsley Street
                                       Nashua, NH 03060
                                       (603) 883-0474
                                       bill@barrylawoffice.com

4

## <u>CERTIFICATE</u> <u>OF SERVICE</u>

    I, William H. Barry III, hereby certify that on May 15, 2024, served the foregoing via electronic filing upon counsel who have entered electronic service contacts (email addresses) and have mailed copies to all other interested parties.


                                                          */s/* William H. Barry III

                                                           William H. Barry III

Filed
File Date: 4/11/2024 11:48 AM
Hillsborough Superior Court Southern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                SUPERIOR COURT
SOUTHERN DISTRICT                               226-2024-CV-00102

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration et al

**ANSWER BY HARBOR HOMES, INC. TO PETITION TO QUIET TITLE**

NOW COMES Harbor Homes, Inc., a Defendant in the above matter, by and through its

counsel, Winer and Bennett, LLP, and ANSWERS the Petition to Quiet Title filed by 1987 Tamposi

Limited Partnership and states as follows, the numbers below corresponding to the numbers in the

Petition.

<u>PARTIES</u>

1.      Harbor Homes, Inc. ADMITS the statements in paragraph 1.

2.      Harbor Homes, Inc. ADMITS the statements in paragraph 2.

3.      Harbor Homes, Inc. admits that it is a New Hampshire voluntary (non-profit)

corporation, but its principal address is 77 Northeastern Boulevard, Nashua, New Hampshire.

4.      Harbor Homes, Inc. ADMITS the statements in paragraph 4.

5.      Harbor Homes, Inc. ADMITS the statements in paragraph 5.

6.      Harbor Homes, Inc. is without sufficient information to admit or deny the

statements in paragraph 6 and thus DENIES the same.

7.      Harbor Homes, Inc. ADMITS the statements in paragraph 7.

8.      Harbor Homes, Inc. is without sufficient information to admit or deny the

statements in paragraph 8 and thus DENIES the same.

9.      Harbor Homes, Inc. is without sufficient information to admit or deny the

statements in paragraph 9 and thus DENIES the same.

10.     Harbor Homes, Inc. ADMITS the statements in paragraph 10.

11.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 11 and thus DENIES the same.

12.     Harbor Homes, Inc. ADMITS the statements in paragraph 12.

<u>FACTS</u>

13.     Harbor Homes, Inc. ADMITS the statements in paragraph 13.

14.     Harbor Homes, Inc. ADMITS the statements in paragraph 14.

15.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 15 and thus DENIES the same.

16.     Harbor Homes, Inc. ADMITS the statements in paragraph 16.

17.     Harbor Homes, Inc. ADMITS the statements in paragraph 17.

18.     Harbor Homes, Inc. ADMITS the statements in paragraph 18.

19.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 19 and thus DENIES the same.

20.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 20 and thus DENIES the same.

21.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 21 and thus DENIES the same.

22.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 22 and thus DENIES the same.

23.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 23 and thus DENIES the same.

24.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 24 and thus DENIES the same.

25.     Harbor Homes, Inc. ADMITS the statements in paragraph 25.

26.     Harbor Homes, Inc. ADMITS the statements in paragraph 26.

27.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 27 and thus DENIES the same.

28.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 28 and thus DENIES the same.

29.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 29 and thus DENIES the same.

30.     Harbor Homes, Inc. is without sufficient information to admit or deny the statements in paragraph 30 and thus DENIES the same.

31.     Harbor Homes, Inc. ADMITS the statements in paragraph 31.

32.     Harbor Homes, Inc. ADMITS the statements in paragraph 32.

33.     Harbor Homes, Inc. ADMITS the statements in paragraph 33.

34.     Harbor Homes, Inc. ADMITS the statements in paragraph 34.

35.     Harbor Homes, Inc. ADMITS the statements in paragraph 35.

36.     Harbor Homes, Inc. ADMITS the statements in paragraph 36.

37.     Harbor Homes, Inc. admits that the violation of the lot size and location of the building foundation has been in existence for over 21 years; however, Harbor Homes, Inc. is without information as to the allegations set forth in the second sentence of paragraph 37 and thus DENIES the same.

38.     Harbor Homes, Inc. ADMITS the statements in paragraph 38.

39.     Harbor Homes, Inc. admits that it never protested or objected to the violation of the Covenants and did not seek to enforce the Covenants, but is without sufficient information as to whether any other person so protested or objected to any violation of the Covenants or sought to enforce the Covenants and thus DENIES that aspect of paragraph 39.

40.     Harbor Homes, Inc. ADMITS the statements in paragraph 40.

41.     The statements in paragraph 41 are conclusions or statements of law and thus no response is necessary.

42.     Harbor Homes, Inc. admits that the allegations in the first sentence of paragraph 42 but is without sufficient information to admit or deny the allegations in the second and third sentences of paragraph 42 and thus DENIES the same.

43.     The statements in paragraph 43 are conclusions or statements of law and thus no response is necessary.

44.     Harbor Homes, Inc. admits that the Covenants constitute a cloud upon the Plaintiff's title and admits that no benefit would accrue to Harbor Homes, Inc. by any enforcement thereof, but is without sufficient information to admit or deny whether any benefit would accrue to any other Defendants and thus DENIES the same.

45.     Harbor Homes, Inc. states that the statements in paragraph 45 are not statements of fact but prayers for relief and/or conclusions at law and thus no response is required.

   WHEREFORE, Harbor Homes, Inc. prays that the Court give due consideration to the Petition, Harbor Homes, Inc.'s Answer and all answers and other pleadings filed by or on behalf of all parties.

Respectfully submitted,
Harbor Homes, Inc.
By its Attorneys,
Winer and Bennett, LLP

Dated: April 11, 2024              By:_____/s/ J. Bradford Westgate_____
                                       J. Bradford Westgate, Esq. (NH Bar #2716)
                                       402 Amherst Street, Suite 302
                                        Nashua, NH 03063
                                       (603) 882-5157
                                       jbwestgate@winerbennett.com

4

## <u>CERTIFICATE OF SERVICE</u>

  I, J. Bradford Westgate, Esq., hereby certify that on April 11, 2024, served the foregoing via electronic filing upon counsel who have entered electronic service contacts (email addresses) and have mailed copies to all other interested parties.


        /s/ J. Bradford Westgate
        J. Bradford Westgate, Esq.

Filed
File Date: 4/12/2024 3:59 PM
Hillsborough Superior Court Southern District
E-Filed Document

STATE OF NEW HAMPSHIRE

HILLSBOROUGH                                    SUPERIOR COURT
SOUTHERN DISTRICT                   DOCKET NO. 226-2024-CV-00102

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration, et al

## ANSWER

New Hampshire Community Loan Fund, Inc. Answers the Petition to Quiet Title as follows:

1.      New Hampshire Community Loan Fund, Inc. is a secured lender of Harbor Homes, Inc. related to this property. Having reviewed Harbor Homes, Inc.'s Answer to the Petition to Quiet Title, New Hampshire Community Loan Fund, Inc. incorporates by reference Harbor Homes, Inc.'s responses thereto. New Hampshire Community Loan Fund Inc. takes no further position other than those taken by Harbor Homes, Inc.

New Hampshire Community Loan Fund, Inc. respectfully requests this Honorable Court:

A.  Provide due consideration to the Petition, Harbor Home's Answers, and all other Answers and pleadings filed by and on behalf of all the parties; and

B.  Grant such other relief as may be just.

Respectfully submitted,

New Hampshire Community Loan Fund, Inc.
By its attorney,
Smith-Weiss Shepard & Kanakis, P.C.

Dated: April 12, 2024                    By: /s/ Nicholas A. Kanakis
                                         Nicholas A. Kanakis      NH Bar #268252
                                         47 Factory Street
                                         Nashua, NH 03060
                                         (603) 417-3450
                                         nak@nhlaw-nashua.com

This is a Service Document for Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

## **Certificate of Service**

I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.


Date: April 12, 2024                    /s/ Nicholas A. Kanakis_____
                                        Nicholas A. Kanakis, Esquire

Filed
File Date: 6/7/2024 10:43 AM
Hillsborough Superior Court Southern District
E-Filed Document

## THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                              **SUPERIOR COURT**
**SOUTHERN DISTRICT**                            **226-2024-CV-00102**

---

**1987 Tamposi Limited Partnership,**
                    PLAINTIFF

v.

**Department of Transportation**
**Federal Aviation Administration, et al**
                    DEFENDANTS

---

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

## DEFENDANT SPSC ASSOCIATES, LLC
## ANSWER TO PLAINTIFF'S COMPLAINT

---

NOW COMES, the Defendant SPSC Associates, LLC and hereby ANSWERS the Plaintiff's Complaint as follows:

PARTIES

1. Insufficient knowledge to admit or deny.
2. Insufficient knowledge to admit or deny.
3. Insufficient knowledge to admit or deny.
4. Insufficient knowledge to admit or deny.
5. Insufficient knowledge to admit or deny.
6. Insufficient knowledge to admit or deny.
7. Insufficient knowledge to admit or deny.
8. Insufficient knowledge to admit or deny.
9. Insufficient knowledge to admit or deny.
10. Insufficient knowledge to admit or deny.
11. Admit as to the mailing address.
12. Insufficient knowledge to admit or deny.

FACTS

13. Public record speaks for itself.
14. Public record speaks for itself.
15. Public record speaks for itself.
16. Public record speaks for itself.
17. Public record speaks for itself.
18. Public record speaks for itself.

1

19. Public record speaks for itself.
20. Public record speaks for itself.
21. Public record speaks for itself.
22. Public record speaks for itself.
23. Public record speaks for itself.
24. Admit.
25. Insufficient knowledge to admit or deny.  Public record speaks for itself.
26. Insufficient knowledge to admit or deny.  Public record speaks for itself.
27. Insufficient knowledge to admit or deny.  Public record speaks for itself.
28. Insufficient knowledge to admit or deny.  Public record speaks for itself.
29. Insufficient knowledge to admit or deny.
30. Insufficient knowledge to admit or deny.  Public record speaks for itself.
31. Insufficient knowledge to admit or deny.  Public record speaks for itself.
32. Insufficient knowledge to admit or deny.  Public record speaks for itself.
33. Insufficient knowledge to admit or deny.  Public record speaks for itself.
34. Insufficient knowledge to admit or deny.
35. Insufficient knowledge to admit or deny.
36. Insufficient knowledge to admit or deny.
37. Insufficient knowledge to admit or deny.
38. Insufficient knowledge to admit or deny.
39. Insufficient knowledge to admit or deny.
40. Insufficient knowledge to admit or deny.
41. Calls for a legal conclusion.  Insufficient knowledge to admit or deny.
42.  Calls for a legal conclusion.  Insufficient knowledge to admit or deny.
43. Calls for a legal conclusion.  Insufficient knowledge to admit or deny.
44. Calls for a legal conclusion.  Insufficient knowledge to admit or deny.
45. Calls for a legal conclusion.  Insufficient knowledge to admit or deny.

PRAYER FOR RELIEF

   WHEREFORE, THE DEFENDANT SPSC ASSOCIATES, LLC REQUESTS THE COURT
TO GIVE DUE CONSIDERATION TO THE PLEADINGS ON FILE IN THE CASE AND FOR
SUCH FURTHER RELIEF AS THE COURT DEEMS FAIR AND EQUITABLE.

Dated: June 7, 2024

RESPECTFULLY SUBMITTED,
SPSC ASSOCIATES, LLC
BY ITS ATTORNEYS,

**/s/Peter J. Nicosia, Esq.**
Peter J. Nicosia, Esquire
NH Bar #14922
Nicosia & Associates, PC
PO Box 721, 259 Middlesex Road,
Tyngsboro, MA 01879

T: 978-649-4300
F: 978-649-9306
E:nicosia@nicosia-associates.com

### **Certificate of Service**

   I Peter J. Nicosia, Attorney for the Defendant SPSC Associates LLC do hereby certify that I have caused the attached pleading to be served upon all parties and/or counsel of record by virtue of the electronic filing system or regular mail.

Date: June 7, 2024                    **/s/Peter J. Nicosia, Esq.**
                                       Peter J. Nicosia, Esquire

Filed
File Date: 5/7/2024 3:57 PM
Hillsborough Superior Court Southern District
E-Filed Document

## STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                    SUPERIOR COURT
SOUTHERN DISTRICT                                   226-2024-CV-00102



True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

### 1987 Tamposi Limited Partnership

v.

### Department of Transportation, Federal Aviation Administration et al

### <u>ANSWER OF ZHANG HOLDINGS, LLC</u>

NOW COMES Zhang Holdings, LLC, a Defendant in the above-entitled matter, by and through counsel, Cleveland, Waters & Bass, PA and ANSWERS the Petitioner to Quiet Title filed by 1987 Tamposi Limited Partnership and states the following:

### <u>Parties</u>

1.  Paragraph 1 is admitted.

2.  Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 2 and thus DENIES same.

3.  Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 3 and thus DENIES same.

4.  Paragraph 4 is ADMITTED.

5.  Paragraph 5 is ADMITTED.

6.  Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 6 and thus DENIES same.

7.  Paragraph 7 is ADMITTED.

8.  Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 8 and thus DENIES same.

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

9.   Paragraph 9 is ADMITTED.

10. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 10 and thus DENIES same.

11. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 11 and thus DENIES same.

12. Paragraph 12 is ADMITTED.

## **Facts**

13. Paragraph 13 is ADMITTED.

14. Paragraph 14 is ADMITTED.

15. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 15 and thus DENIES same.

16. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 16 and thus DENIES same.

17. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 17 and thus DENIES same.

18. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 18 and thus DENIES same.

19. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 19 and thus DENIES same.

20. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 20 and thus DENIES same.

21. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in

Paragraph 21 and thus DENIES same.

22. Paragraph 22 is ADMITTED.

23. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 23 and thus DENIES same.

24. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 24 and thus DENIES same.

25. Paragraph 25 is ADMITTED.

26. Paragraph 26 is ADMITTED.

27. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 27 and thus DENIES same.

28. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 28 and thus DENIES same.

29. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 29 and thus DENIES same.

30. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 30 and thus DENIES same.

31. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 11 and thus DENIES same.

32. Paragraph 32 is ADMITTED.

33. Paragraph 33 is ADMITTED.

34. Paragraph 34 is ADMITTED

35. Paragraph 35 is ADMITTED.

36. Paragraph 36 is ADMITTED.

37. Zhang Holdings, LLC admits that the lot size and location of the building foundation violations have been in existence for over 21 years; however, Zhang Holdings, LLC is without sufficient information to either admit or deny the statements in the second sentence of Paragraph 37 and thus DENIES same.

38. Zhang Holdings, LLC is without sufficient information to admit or deny the statements in Paragraph 38 and thus DENIES same.

39. Zhang Holdings, LLC admits that it has not protested or objected to the violations; however, it is without sufficient information as to whether any other person has protested or objected and thus DENIES same.

40. Paragraph 40 is ADMITTED.

41. Paragraph 41 contains conclusions of law to which no response is required.

42. Zhang Holdings, LLC admits that the actions of the Plaintiff were public, open, and conspicuous; however, it is without sufficient information to admit or deny the allegations in the remainder of Paragraph 42 and thus DENIES same.

43. Paragraph 43 contains conclusions of law to which no response is required.

44. Paragraph 44 is ADMITTED.

45. The statements in Paragraph 45 are a prayer for relief to which no response is required.


WHEREFORE, Zhang Holdings, LLC respectfully requests that the Court give due consideration to the Petitioner and the Zhang Holdings, LLC's Answer.

Respectfully submitted,
Zhang Holdings, LLC
By its Attorneys,
Cleveland, Waters & Bass, PA

Date: May 7, 2024                    By: /s/ Kristin G. Fields
                                     Kristin G. Fields, Esq. NH Bar #20631
                                     Two Capital Plaza, 5th Floor
                                     Concord, NH 03301
                                     (603) 224-7761
                                     fieldsk@cwbpa.com

## CERTIFICATE OF SERVICE

I hereby certify that the within document was served via the court's ecf-filing system, this 7th day of May, 2024, upon all parties having so appeared.

/s/ Kristin G. Fields
Kristin G. Fields

4877-1861-8300, v. 1

5

Filed
File Date: 4/11/2024 11:48 AM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☐ Appearance            ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

Select One:

☐ As Counsel for:

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:

    ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

    ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

    ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

    ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____     _____
Other party                                              Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐    I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____     _____
Name of Filer                                          Signature of Filer                                    Date

_____     _____
Law Firm, if applicable          Bar ID # of attorney        Telephone

_____     _____
Address                                                    E-mail

_____
City                              State            Zip code

Filed
File Date: 5/7/2024 3:57 PM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

True Copy Attest

*Amy M. Feliciano*
Clerk of Court
June 12, 2024

## APPEARANCE
Type of appearance (Select One)

☐ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☐ As Counsel for:

_____
**12 Murphy Drive, Suite 100, Nashua, NH  03062**

| (Name) | (Address) | (Telephone Number) |

_____

(Name)                    (Address)                    (Telephone Number)

_____

(Name)                    (Address)                    (Telephone Number)

☐ I will represent myself *(self-represented)*

## WITHDRAWAL
As Counsel for _____   _____   _____

Type of Representation: (Select one)

☐ Appearance:

  ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

  _____

  ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

  ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

  ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

...

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL**

---

**For non e-filed cases:**

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____     _____
Other party                                              Other party's attorney

---

**OR**

---

**For e-filed cases:**

☐   I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____     _____
Name of Filer                                              Signature of Filer                                Date

_____     _____
Law Firm, if applicable          Bar ID # of attorney     Telephone

_____     _____
Address                                                        E-mail

_____
City                              State          Zip code

Filed
File Date: 4/12/2024 3:59 PM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

### APPEARANCE
Type of appearance (Select One)

☐ Appearance                    ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☐ As Counsel for:

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

☐ I will represent myself (*self-represented*)

### WITHDRAWAL
As Counsel for _____   _____   _____

Type of Representation: (Select one)

☐ Appearance:
   ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

   _____

   ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)
   ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

   ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____          _____

Other party                                              Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐   I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____          _____

Name of Filer                                          Signature of Filer                            Date

_____          _____

Law Firm, if applicable        Bar ID # of attorney        Telephone

_____          _____

Address                                                  E-mail

_____

City                          State            Zip code

Filed
File Date: 5/15/2024 11:26 AM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

**APPEARANCE**

Type of appearance (Select One)

☐ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☐ As Counsel for:

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:

    ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

    ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

    ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

    ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____        _____
Other party                                                      Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐   I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____        _____
Name of Filer                                                     Signature of Filer                          Date

_____        _____
Law Firm, if applicable        Bar ID # of attorney        Telephone

_____        _____
Address                                                             E-mail

_____
City                             State             Zip code

Filed
File Date: 2/27/2024 9:05 AM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                  SUPERIOR COURT
SOUTHERN DISTRICT                                 226-2024-CV-00102

**1987 Tamposi Limited Partnership**
20 Trafalgar Square, Suite 310
Nashua, New Hampshire 03063

v.

**Department of Transportation**
**Federal Aviation Administration**
New England Region
12 New England Executive Park
Burlington, MA  01803
and
**Harbor Homes, Inc.**
45 High Street
Nashua, New Hampshire 03060
and
**Enterprise Bank**
493 Amherst Street
Nashua, New Hampshire 03063
and
**New Hampshire Community Loan Fund, Inc.**
7 Wall Street
Concord, New Hampshire 03301
and
**GSR Ventures, LLC**
10 Quarry Road
Nashua, New Hampshire 03062
and
**The Millyard Bank**
57 Northeastern Boulevard
Nashua, New Hampshire  03062
and
**Nashua Lodge 720 Benevolent and Protective Order**
**of Elks of the United States of America**
12 Murphy Drive, Unit 3
Nashua, New Hampshire 03062
and
**Zhang Holdings LLC**
12 Murphy Drive, Suite 100
Nashua, New Hampshire 03062



True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

and
**TD Bank, NA**
300 Franklin Street
Manchester, New Hampshire 03101
and
**SPSC Associates, LLC**
**c/o Residuary Trust under Article Fourth u/w/o James F Gieber**
10 Drum Hill Lane
Randolph, New Jersey 07869

## PETITION TO QUIET TITLE

NOW COMES the Plaintiff, 1987 Tamposi Limited Partnership, by and through its

counsel, Gottesman & Hollis, P.A. and complains against the Defendants, Department of

Transportation FAA, Harbor Homes, Inc., Enterprise Bank, Community Loan Fund, GSR

Ventures, LLC, Millyard Bank, Nashua Lodge 720 Benevolent and Protective Order of Elks of

the United States of America, Zhang Holdings, LLC, TD Bank, NA and SPSC Associates, LLC

c/o Residuary Trust under Article Fourth u/w/o James F Gieber, and states as follows:

### PARTIES

1.      The Plaintiff, 1987 Tamposi Limited Partnership, a New Hampshire limited

partnership with a principal place of business at 20 Trafalgar Square, Suite 310, Nashua, New

Hampshire.

2.      The Defendant, Department of Transportation, Federal Aviation Administration,

New England Region is a United States government organization with a mailing address of 12

New England Executive Park, Burlington, Massachusetts.

3.      The Defendant, Harbor Homes, Inc. is a New Hampshire non-profit corporation

with a principal place of business at 45 High Street, Nashua, New Hampshire.

2

4.      The Defendant, Enterprise Bank and Trust Company is a foreign profit corporation with a principal address of 222 Merrimack Street, Lowell, Massachusetts with a branch office located at 493 Amherst Street, Nashua, New Hampshire.

5.      The Defendant, New Hampshire Community Loan Fund, Inc. is a New Hampshire non-profit corporation with a principal address of 7 Wall Street, Concord, New Hampshire.

6.      The Defendant, GSR Ventures, LLC is a domestic limited liability corporation with a principal address of 12 Murphy Drive, Unit 100, Nashua, New Hampshire.

7.      The Defendant, The Millyard Bank is a domestic profit corporation with a principal address of 57 Northeastern Boulevard, Nashua, New Hampshire.

8.      The Defendant, Nashua Lodge 720 Benevolent and Protective Order of Elks of the United States of America is a New Hampshire non-profit corporation with a principal address of 12 Murphy Drive, Unit 3, Nashua, New Hampshire.

9.      The Defendant, Zhang Holdings, LLC is a domestic limited liability corporation with a principal address of 12 Murphy Drive, Suite 100, Nashua, New Hampshire.

10.     The Defendant, TD Bank, N.A., is a national banking association, with a principal address at 2035 Limestone Road, Wilmington, Delaware with a local main office at 300 Franklin Street, Manchester, New Hampshire.

11.     The Defendant, SPSC Associates, LLC is a domestic limited liability company with a mailing address of  c/o Residuary Trust under Article Fourth u/w/o James F Gieber, 10 Drum Hill Lane, Randolph, New Jersey.

12.     This court has jurisdiction as the real estate in question is owned by the Plaintiff is located in Nashua, County of Hillsborough and State of New Hampshire.

3

FACTS

13.     The Plaintiff is the owner of the real estate located at 57 Northeastern Boulevard,

Nashua, New Hampshire, and shown as Tax Map 140, Lot 68 on the City of Nashua Tax

Assessor's sheets.  The property was conveyed to the Plaintiff by deed of Q. Peter Nash and

Debra A. Nash, Trustees of the Gerald Q. Nash 1987 Trust, David Tully and Samuel A. Tamposi,

Jr. Trustees of the Samual A. Tamposi 1987 Trust, Ballinger Properties, LLC and Five N

Associates, dated April 5, 1995, and recorded in the Hillsborough County Registry of Deeds in

Book 5620, Page 601. Reference is also made to a name change document recorded in said

Registry February 1, 2000 in Book 6205, Page 1463.

14.     The Plaintiff's property is also shown as Lot 68/Sheet 140 on a Plan of Land

entitled "Subdivision Plan, 55 Northeastern Boulevard, Nashua, NH" dated May 28, 2002 and

recorded in the Hillsborough County Registry of Deeds as Plan No. 32343.

15.     The Defendant, Department of Transportation, Federal Aviation Administration,

New England Region is the owner of property located at 11 Murphy Drive, Nashua, New

Hampshire and acquired title by deed dated August 18, 1995 and recorded in the Hillsborough

County Registry of Deeds in Book 5649, Page 1296.

16.     Harbor Homes, Inc. is the owner of property located at 75-77 Northeastern

Boulevard, Nashua, New Hampshire and acquired title by deed dated January 11, 2017 and

recorded in the Hillsborough County Registry of Deeds at Book 8936, Page 1207.

17.     The Defendant, Enterprise Bank and Trust Company is the holder of a mortgage

granted by Harbor Homes, Inc., said mortgage recorded in the Hillsborough County Registry of

Deeds at Book 8936, Page 1210 and an Assignment of Rents and Leases recorded at Book 8936,

Page 1232.

18.     The Defendant, New Hampshire Community Loan Fund, Inc. is the holder of a mortgage granted by Harbor Homes, Inc., said mortgage is recorded in the Hillsborough County Registry of Deeds at Book 8936, Page 1237 and an Assignment of Rents and Leases recorded at Book 8936, Page 1257.

19.     GSR Ventures is the owner of 12 Murphy Drive, Unit 100, Nashua, New Hampshire and acquired title by deed dated August 15, 2005 and recorded in the Hillsborough County Registry of Deeds in Book 7524, Page 2615.

20.     The Defendant, The Millyard Bank is the holder of a mortgage granted by GSR Ventures, LLC, said mortgage recorded in the Hillsborough County Registry of Deeds at Book 9642, Page 2915 and an Assignment of Rents and Leases recorded at Book 9642, Page 2932.

21.     The Defendant, Nashua Lodge 720 Benevolent and Protective Order of Elks of the United States of America is the owner of property located at 12 Murphy Drive, Unit 3, Nashua, New Hampshire and acquired title to the property by deed dated July 22, 2016 and recorded in the Hillsborough County Registry of Deeds at Book 8877, Page 2882.

22.     The Defendant, Zhang Holdings LLC is the owner of property located at 12 Murphy Drive, Suite 100, Nashua, New Hampshire and acquired title to the property by deed dated March 23, 2023 and recorded in the Hillsborough County Registry of Deeds at Book 9690, Page 2200.

23.     The Defendant, TD Bank, N.A. is the holder of a mortgage granted by Zhang Holdings LLC, said mortgage recorded in the Hillsborough County Registry of Deeds at Book 9690, Page 2202 and an Assignment of Leases and Rents recorded at Book 9690, Page 2236.

24.      SPSC Associates, LLC is the owner of property located at 85 Northeastern Boulevard, Nashua, New Hampshire and acquired title by deed dated April 22, 1999 and recorded in the Hillsborough County Registry of Deeds at Book 6093, Page 1165.

25.      The above-referenced Subdivision Plan was submitted to the City of Nashua Planning Board.  Following a public hearing and on August 8, 2002, the City of Nashua Planning Board approved the Subdivision Plan.   The plan of land creating the Plaintiff's lot was recorded in the Hillsborough County Registry of Deeds on March 21, 2003 as Plan No. 32343.

26.      The subdivision application and the approved plan depicted the creation of the Plaintiff's lot whereby the lot would contain 2.18 acres.

27.      On May 13, 2003, the City of Nashua Building Inspector issued a "Foundation Only" building permit for the property.  In 2003, the Plaintiff constructed the foundation in accordance with the permit.  The foundation is set back approximately 30 feet from Northeastern Boulevard.

28.      A site plan dated September 4, 2019 was prepared on behalf of the Plaintiff and submitted with the City of Nashua Planning Board.  The 2019 site plan depicted a two-story building with associated parking areas, accessways, walkways and drainage areas.  The site plan depicted a building with less than 75 feet building setback from Northeastern Boulevard.

29.      A 28,000 square foot commercial office building and improvements including parking, access ways, drainage areas and landscaping was constructed on the property in 2020. The building was constructed on the foundation installed in 2003.

30.      The site plan depicted paving and other artificial surface areas, some of which had a setback of less than 10 feet from all property lines on the lot.

31.      The 2019 site plan also depicted the lot as containing 2.18 acres.

32.     On April 4, 1977, Samuel A. Tamposi and Gerald Q. Nash executed a Declaration

of Covenants which was recorded in the Hillsborough County Registry of Deeds on April 20,

1977 at Book 2521, Page 631, hereinafter "Covenants". A copy of the Covenants is attached

hereto as Exhibit 1.

33.     The Covenants imposed several restrictions on the Plaintiff's property including

the following Covenants:

A.     There shall be no use or sale or conveyance of any lot in the above-
described parcels unless such lot shall be at least three (3) acres in size.

B.     No more than forty percent (40%) of the area of any such lot shall be
utilized by any buildings or structures or combination thereof.

C.     Every building or structure on any such lot shall be set back a minimum of
seventy-five (75) feet from all street lines, and a minimum of thirty (30)
feet from all other property lines of the lot on which they stand.  All
paving or other artificial surfacing shall be set back a minimum of ten (10)
feet from all property lines of the lot on which it is placed.

. . .

H.     The said premises shall be used in conformity with the requirements of the
Zoning Ordinance of the City of Nashua as amended to July 22, 1966.

34.     Since 2002, the subject parcel has contained 2.18 acres whereas Covenant A

requires 3 acres.

35.     The subject property contains building area, including paved areas, access ways

and walk ways, which comprise more than 40% of the area of the lot.

36.     The building on the property is located less than 75 feet from Northeastern

Boulevard, specifically, the building is located approximately 30 feet from Northeastern

Boulevard and elements of the paving and other artificial surface areas are not set back 10 feet

from all property lines.

37.     The violation of the lot size and location of the building foundation has been in existence for over 21 years. The violation of lot lines has been publicly disclosed, notice of which was provided to the Defendants or their predecessors in title and installed in such a way that it has been open, obvious and notorious.

38.     The building, ancillary structures, improvements and setbacks conform to the Zoning Ordinance for the City of Nashua in effect at the time of the construction. The Zoning Ordinance in effect in 1966 is not applicable to the building as constructed and approved decades later.

39.     No person acting through the Defendants or any other person have protested or objected to any violation of the Covenants or otherwise sought to enforce the Covenants.

40.     At the time of the creation of the Covenants in 1977, the Plaintiff's property was vacant. The improvements and structures constructed are significant changes to the property. These improvements are in harmony with the existing uses of the area including the uses of the Defendants' properties. The Defendants would not be benefitted by enforcement of the Covenants.

41.     Injunctive relief against violation of the obligations arising out of a promise respecting the use of land cannot be secured if conditions have so changed since the making of the promise as to make it impossible longer to secure in a substantial degree the benefits intended to be secured by the performance of the promise. See *Restatement (First) of Property* § 564 (1944) cited in *Goldberg v Al Tinson, Inc.* 115 N.H. 271, 274 ((1975).

42.     All actions of the Plaintiff were done in a public manner, openly and conspicuously.  In reliance upon the lack of any objection, the building was constructed on the

8

property and in conformance with the site plan and subdivision plan. Any enforcement of the Covenants is unreasonable and will cause substantial prejudice to the Plaintiff.

43.     Because it is an equitable doctrine, "laches will constitute a bar to suit only if the delay was unreasonable and prejudicial." *Jenot v. White Mt. Acceptance Corp.,* 124 N.H. 701, 710, 474 A.2d 1382, 1387 (1984).

44.     The Covenants constitute a cloud upon the Plaintiff's title to the property and no benefit would accrue to the Defendants by any enforcement thereof.

45.     Plaintiff seeks a declaratory ruling that the Covenants are null and void and that an enforcement action cannot be maintained as a result of the expiration of 20 years since the lot was created and the foundation installed, the changed circumstances and the unreasonable delay on behalf of the Defendants or any other person or entity thereunder who would have standing to enforce the Covenants.

WHEREFORE, the Plaintiff respectfully requests:

A.     That the Court schedule this matter for a hearing on the merits;

B.     That the Court issue and rule that the Defendants may not enforce the Covenants so that the Plaintiff may continue to use and occupy the building, structures and improvements constructed on Lot 68/140 being 57 Northeastern Boulevard, Nashua, New Hampshire consistent with the site plans and permits as approved by the City of Nashua, unencumbered by the Declaration of Covenants;

C.     For such other and further relief as may be just.

9

Respectfully submitted,

1987 TAMPOSI LIMITED PARTNERSHIP,
By Its Sole General Partner,
Ballinger Properties, L.L.C.

Dated: February 26, 2024

By: _____, Manager
         Samuel A. Tamposi, Jr., Manager

BY AND THROUGH ITS ATTORNEYS,
GOTTESMAN & HOLLIS, PA

Dated: February 26, 2024

By: _____
         Paul M. DeCarolis, Esq. (NH Bar #596)
         39 East Pearl Street
         Nashua, NH  03060
         (603) 889-5959
         pdecarolis@nh-lawyers.com

10

Filed
File Date: 6/3/2024 12:38 PM
Hillsborough Superior Court Southern District
E-Filed Document

## THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                          SUPERIOR COURT
SOUTHERN DISTRICT                                        226-2024-CV-00102



True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration et al

### DOCKET MARKINGS
### AS TO DEFENDANT ZHANG HOLDINGS, LLC ONLY

NOW COMES the Plaintiff, 1987 Tamposi Limited Partnership, by and through its attorneys, Gottesman & Hollis, P.A., and Defendant Zhang Holdings, LLC, by and through its attorneys, Cleveland, Waters & Bass, P.A., and agree as follows:

"Neither party; no interest; no costs; no further action for the same cause."

Respectfully submitted

1987 TAMPOSI LIMITED PARTNERSHIP
By its attorneys,
GOTTESMAN & HOLLIS, P.A.

Dated: _May 29_, 2024

Paul M. DeCarolis, Esq., NH Bar No. 596
39 East Pearl Street
Nashua, NH 03060
(603) 889-5959
pdecarolis@nh-lawyers.com

ZHANG HOLDINGS, LLC
By its Attorneys,
CLEVELAND, WATERS & BASS, P.A.

Dated: _5/30_, 2024

Kristin G. Fields, Esq. (NH Bar No. 20631)
Two Capital Plaza, 5th Floor
Concord, NH 03301
(603) 224-7761
fieldsk@cwbpa.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___3___ day of May, 2024, this document was filed through the Court's electronic filing system and will be served electronically to all interested parties.

Paul M. DeCarolis

Filed
File Date: 4/18/2024 2:11 PM
Hillsborough Superior Court Southern District
E-Filed Document

<div align="center">

THE STATE OF NEW HAMPSHIRE

</div>

HILLSBOROUGH, SS                                   SUPERIOR COURT
SOUTHERN DISTRICT                                  226-2024-CV-00102



True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

<div align="center">

1987 Tamposi Limited Partnership

v.

Department of Transportation, Federal Aviation Administration et al

**<u>PLAINTIFF'S MOTION TO EXTEND SERVICE DEADLINE</u>**

</div>

NOW COMES, the Plaintiff, 1987 Tamposi Limited Partnership, by and through its counsel, Gottesman & Hollis, PA, and requests that this Court extend the deadline for service of the Summons/Complaint, and in support thereof, states as follows:

1.      Plaintiff filed its Petition to Quiet Title with the Court on February 27, 2024 and the Court issued orders of notice for service on the multiple defendants on March 4, 2024. The orders of notice indicated that service must be completed by April 18, 2024.

2.      On March 5, 2024, Plaintiff's counsel hand delivered 7 Summonses to the Hillsborough County Sheriff's Office in Nashua with instructions to serve the defendants: Harbor Hoes, Inc., Enterprise Bank, GSR Ventures, LLC, Millyard Bank, Nashua Elks Lodge 720, Zhang Holdings, LLC and SPSC Associates, LLC. The cover letter indicated that should the sheriff's office encountered service issues, to immediately contact Plaintiff's counsel's office.

3.      On March 6, 2024, Plaintiff's counsel forwarded a summons to the Middlesex County Sheriff's Office in Chelmsford, Massachusetts with instruction to serve the FAA at 12 New England Executive Park in Burlington, Massachusetts.

Clerk's Notice of Decision
Document Sent to Parties
on  04/30/2024

<div style="background-color: yellow;">

Granted

Honorable Charles S. Temple
April 22, 2024

</div>

4.      On March 8, 2024, Plaintiff's counsel notified the sheriff's office that service was
not necessary for Harbor Homes, Inc. as Attorney J. Bradford Westgate indicated that he would
accept service on behalf of Harbor  Homes, Inc.

5.      Plaintiff's office has contacted the Hillsborough County Sheriff's Office multiple
occasions, including last week, to inquire to the status of the service of the multiple defendants
and was informed that they are aware of the return date and all service should be completed by
that date.

6.      On April 2, 2024, undersigned counsel received a call from the Middlesex County
Sheriff's Office indicating that they were in possession of the summons but their office has been
backlogged and they were attempting to serve the FAA prior to the deadline.  As of the date of
this filing, service has not been completed.

7.      Plaintiff's counsel contacted the Hillsborough County Sheriff's Office on April 18
and was informed that only a few of the defendants were served.  Service was completed on
Enterprise Bank on April 2, 2024 and on the Millyard Bank and Zhang Holdings, LLC on
April 9, 2024.  There were having service issues with GSR Ventures, Nashua Elks Lodge and
SPSC Associates, LLC.

8.      The Hillsborough County Sheriff's Office has had the summonses for 6 weeks
and only started to serve the defendants until the beginning of April, ran into issues with service
and not once contacted Plaintiff's office regarding the issue of service.  Undersigned counsel
requested the returns of service for those that have been served, and was told that the paperwork
was not ready.

9.      Defendant SPSC Associates, LCC listed the firm of Merra & Kanakis as the
registered agent with the NH Secretary of State in its Annual Report dated March 21, 2024, even

though that firm is no longer active. Plaintiff will serve SPSC Associates, LLC via the Secretary of State's office and registered mail.

10.     Due to the issues of service regarding the remaining defendants, Plaintiff requests an additional 45 days to complete service.

WHEREFORE, the Plaintiff respectfully requests:

A.     Extend the return of service deadline to June 3, 2024 in order to allow the Plaintiff to complete service on the remaining defendants; and

B.     For such other and further relief as may be just and equitable.

Respectfully submitted,

1987 TAMPOSI LIMITED PARTNERSHIP,
By its Attorneys,
GOTTESMAN & HOLLIS, PA

Dated: April 18, 2024                   By: _____
                                        Paul M. DeCarolis, Esq. (NH Bar #596)
                                        39 East Pearl Street
                                        Nashua, NH  03060
                                        (603) 889-5959
                                        pdecarolis@nh-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2024, this document was filed through the Court's electronic filing system and will be served electronically to all interested parties.

_____
Paul M. DeCarolis, Esq.

3

Filed
File Date: 6/12/2024 10:40 AM
Hillsborough Superior Court Southern District
E-Filed Document

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

1987 Tamposi Limited Partnership,       )
                                        )
            Plaintiff,                  )
                                        )
       v.                               )
                                        )
Department of Transportation,           )
Federal Aviation Administration, et al. )
                                        )
            Defendants.                 )
_____ )

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

NOTICE OF FILING OF
NOTICE OF REMOVAL OF CIVIL ACTION

TO:   Amy M. Feliciano                    Paul M. DeCarolis, Esquire
      Clerk of Court                      Gottesman & Hollis, PA
      Hillsborough Superior Court Southern District   39 East Pearl Street
      30 Spring Street                    Nashua, NH    03060
      Nashua, NH    03060

      J. Daniel Marr, Esquire             Peter J. Nicosia, Esquire
      Hamblett & Kerrigan, PA             Nicosia & Associates, PC
      20 Trafalgar Square, Suite 505      P.O. Box 721
      Nashua, NH    03063                 Tyngsboro, MA    01879

      Please take notice that on June 12, 2024, Jane E. Young, United States Attorney for the

District of New Hampshire, filed with the Clerk of the United States District Court for the

District of New Hampshire, a notice of the removal of the above-entitled action.   A copy of the

notice is attached.

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

Respectfully submitted,

JANE E. YOUNG
United States Attorney


By:   /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney
NH Bar No. 16470
United States Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH   03301
(603) 225-1552
Michael.McCormack2@usdoj.gov

Dated:   June 12, 2024

2

Filed
File Date: 4/24/2024 10:58 AM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: **Hillsborough Superior Court Southern District**

Case Name: **1987 Tamposi Limited Partnership vs. Department of Transportation et al**

Case Number: **226-2024-CV-00102**
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☑ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

_____

_____

_____

_____

Select One:

☑ As Counsel for:

**SPSC Associates LLC**
_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:
   ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

   _____
   ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)
   ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.
   ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

Case Name: **1987 Tamposi Limited Partnership vs. Department of Transportation et al**

Case Number: **226-2024-CV-00102**

**APPEARANCE/WITHDRAWAL**

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

**1987 Tamposi Limited Partnership**

Other party

**Paul M. DeCarolis, Esq.**

Other party's attorney

---

**OR**

---

*For e-filed cases:*

☑ I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

---

**Peter J. Nicosia, Esq.**

Name of Filer

**Nicosia & Associates PC          14922**

Law Firm, if applicable          Bar ID # of attorney

**PO Box 721, 259 Middlesex Road**

Address

**Tyngsboro          MA ▾          01879**

City          State          Zip code

*/s/Peter J. Nicosia*

Signature of Filer

**04/24/2024**

Date

**(978) 649-4300**

Telephone

**nicosia@nicosia-associates.com**

E-mail

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## SUMMONS IN A CIVIL ACTION

Case Name:      **1987 Tamposi Limited Partnership v Department of Transportation Federal Aviation Administration, et al**
Case Number:    **226-2024-CV-00102**

Date Complaint Filed: February 27, 2024

A Complaint has been filed against Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 22, 2024 | 1987 Tamposi Limited Partnership shall have this Summons and the attached Complaint served upon Department of Transportation Federal Aviation Administration by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| July 13, 2024 | 1987 Tamposi Limited Partnership shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Department of Transportation Federal Aviation Administration must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Department of Transportation Federal Aviation Administration:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Paul Mario DeCarolis, ESQ | Gottesman & Hollis PA 39 E Pearl St Nashua NH  03060 |
| Department of Transportation Federal Aviation Administration | 12 New England Executive Park Burlington MA  01803 |
| J. Daniel Marr, ESQ | Hamblett & Kerrigan PA 20 Trafalgar Sq Ste 505 Nashua NH 03063 |
| Peter J. Nicosia, ESQ | Nicosia & Associates PC PO Box 721 Tyngsboro MA  01879 |

BY ORDER OF THE COURT

May 08, 2024

True Copy Attest

*Amy M. Feliciano*
Clerk of Court

Amy M. Feliciano
Clerk of Court

NHJB-2678-Se (07/01/2018)

<span style="color:red">This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM</span>

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District      Telephone: 1-855-212-1234
30 Spring Street      TTY/TDD Relay: (800) 735-2964
Nashua NH  03060      https://www.courts.nh.gov

## 1987 TAMPOSI LIMITED PARTNERSHIP
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

**Case Name:**      **1987 Tamposi Limited Partnership v Department of Transportation Federal Aviation Administration, et al**
**Case Number:**      **226-2024-CV-00102**

<u>**Instructions for:**</u> **1987 Tamposi Limited Partnership**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **June 22, 2024**.
<u>**Further action is required by you**</u>
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

<u>**Sheriff Departments in New Hampshire:**</u>

Belknap County Sheriff's Department:      Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:      Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:      Rockingham County Sheriff's Department:
Coos County Sheriff's Department:      Strafford County Sheriff's Department:
Grafton County Sheriff's Department:      Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **June 22, 2024**.

If the Sheriff is unable to complete service by **June 22, 2024** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by July 13, 2024.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff

## Do not file this with the court
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____          Case #: _____

## Who are you requesting to be served?
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

## Your Information:
Name (please print): _____

Residential address:          Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦**IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL**♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

| | | |
|---|---|---|
| Fees Paid: $_____ Cash #: _____ Check#: _____ | | |
| Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____ | | |
| Sheriff File # _____ Authorization #: _____ | | |

<u>Instructions for filing the Return of Service</u>:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.nh.gov, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 226-2024-CV-00102 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


May 08, 2024                                    Amy M. Feliciano
Date                                            Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE TO DEFENDANT

Case Name:        **1987 Tamposi Limited Partnership v Department of Transportation Federal Aviation Administration, et al**
Case Number:      **226-2024-CV-00102**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Southern District.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.nh.gov, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Hillsborough Superior Court Southern District** as the location.

3. Select "I am filing into an existing case".  Enter **226-2024-CV-00102** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.nh.gov.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 6/12/2024 10:40 AM
Hillsborough Superior Court Southern District
E-Filed Document



**U.S. Department of Justice**

*Jane E. Young*
*United States Attorney*
*District of New Hampshire*

---

*Federal Building*              (603) 225-1552
*53 Pleasant Street, 4th Floor*
*Concord, New Hampshire 03301*

June 12, 2024

Amy M. Feliciano
Clerk of Court
Hillsborough Superior Court Southern District
30 Spring Street
Nashua, NH   03060

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

Re:   1987 Tamposi Limited Partnership v. Department of Transportation, FAA, et al.
      Case Number:  226-2024-CV-00102

Dear Clerk Feliciano:

        Rule 81.1(c) of the Rules of the United States District Court for the District of New Hampshire states that a party filing a notice of removal of an action from a state court to a Federal District Court must, within 10 days, also file a certified or attested copy of all records and proceedings of that state court and a certified or attested copy of all docket entries of that state court.  Accordingly, I am requesting that you mail to this office a certified or attested copy of all papers on record and a list of the docket entries in the above-captioned case.  Only one certification is needed for the entire package, I do not need certification of individual pages.

        If there is a charge for this, please bill this office, including on the bill your tax identification number.

                                        Sincerely,

                                        JANE E. YOUNG
                                        United States Attorney

                                        By:  /s/ Michael McCormack
                                        Michael McCormack
                                        Assistant U.S. Attorney

cc:   Paul M. DeCarolis, Esquire

Filed
File Date: 5/2/2024 10:40 AM
Hillsborough Superior Court Southern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
  (if known)

## REQUEST FOR DOCUMENTS I am requesting:

☐    New Summons for service

    I am requesting paperwork for service by (choose one):

    ☐ Sheriff    ☐ Certified Mail (if allowed by law)

    Person to be served:

    _____
    Name

    _____
    Address

    _____
    City    State    Zip code

True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024

☐    Writ of Execution (RSA 527:6)

☐    Original Writ (Writ of Attachment)

☐    Juror Questionnaires

☐    Certificates and Certified Copies
    ☐ Entire file    ☐ Document(s) (please list below)

    _____

☐    Certificate of Judgment

☐    Exemplification of Judgment

_____
Name of Filer

_____
Law Firm, if applicable    Bar ID # of attorney

_____
Address

_____
City    State    Zip code

_____
Signature    Date

_____
Telephone

_____
E-mail

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us



True Copy Attest

Amy M. Feliciano
Clerk of Court
June 12, 2024



## SUMMONS IN A CIVIL ACTION

**Case Name:** **1987 Tamposi Limited Partnership v Department of Transportation Federal Aviation Administration, et al**
**Case Number:** **226-2024-CV-00102**

Date Complaint Filed: February 27, 2024

A Complaint has been filed against Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| April 18, 2024 | 1987 Tamposi Limited Partnership shall have this Summons and the attached Complaint served upon Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| May 09, 2024 | 1987 Tamposi Limited Partnership shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Department of Transportation Federal Aviation Administration; Enterprise Bank; GSR Ventures, LLC; Harbor Homes, Inc; Nashua Lodge 720 Benevolent and Protective Order of Elks; New Hampshire Community Loan Fund, Inc; SPSC Associates, LLC; TD Bank, NA; The Millyard Bank; Zhang Holdings, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Paul Mario DeCarolis, ESQ          Gottesman & Hollis PA 39 E Pearl St Nashua NH  03060

This is a Service Document For Case: 226-2024-CV-00102
Hillsborough Superior Court Southern District
6/12/2024 2:10 PM

| | |
|---|---|
| Department of Transportation Federal Aviation Administration | 12 New England Executive Park Burlington MA  01803 |
| Harbor Homes, Inc | 45 Hight Street Nashua NH  03060 |
| Enterprise Bank | 493 Amherst Street Nashua NH  03063 |
| New Hampshire Community Loan Fund, Inc | 7 Wall Street Concord NH  03301 |
| GSR Ventures, LLC | 10 Quarry Road Nashua NH  03062 |
| The Millyard Bank | 57 Northeastern Boulevard Nashua NH  03062 |
| Nashua Lodge 720 Benevolent and Protective Order of Elks | 12 Murphy Drive Unit 3 Nashua NH  03062 |
| Zhang Holdings, LLC | 12 Murphy Drive Suite 100 Nashua NH  03062 |
| TD Bank, NA | 300 Franklin Street Manchester NH  03101 |
| SPSC Associates, LLC | c/o Residuary Trust under Article Fourth u/w/o James F Gieber 10 Drum Hill Lane Randolph NJ  07869 |

BY ORDER OF THE COURT

March 04, 2024

Amy M. Feliciano
Clerk of Court

(1261021)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## 1987 TAMPOSI LIMITED PARTNERSHIP
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

**Case Name:**     **1987 Tamposi Limited Partnership v Department of Transportation Federal Aviation Administration, et al**

**Case Number:**     **226-2024-CV-00102**

**Instructions for:** **1987 Tamposi Limited Partnership**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **April 18, 2024**.

**Further action is required by you**

**You must:**

- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

| | |
|---|---|
| Belknap County Sheriff's Department: | Hillsborough County Sheriff's Department: |
| Carroll County Sheriff's Department: | Merrimack County Sheriff's Department: |
| Cheshire County Sheriff's Department: | Rockingham County Sheriff's Department: |
| Coos County Sheriff's Department: | Strafford County Sheriff's Department: |
| Grafton County Sheriff's Department: | Sullivan County Sheriff's Department: |

**\*If one or more of the parties resides out of state, please click here for the requirements\***

Service must be made upon the defendant before **April 18, 2024**.

If the Sheriff is unable to complete service by **April 18, 2024** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by May 09, 2024.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff

<u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____          Case #: _____

**<u>Who are you requesting to be served?</u>**
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

**<u>Your Information:</u>**
Name (please print): _____

Residential address:                    Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦**IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL**♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

| | | |
|---|---|---|
| Fees Paid: $_____ Cash #: _____ Check#: _____ | | |
| Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____ | | |
| Sheriff File # _____ Authorization #: _____ | | |

NHJB-2678-Se (07/01/2018)

Instructions for filing the Return of Service:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 226-2024-CV-00102 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


March 04, 2024                                    Amy M. Feliciano

Date                                                      Clerk of Court


You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:       **1987 Tamposi Limited Partnership v Department of Transportation Federal Aviation Administration, et al**

Case Number:     **226-2024-CV-00102**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Southern District.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1.  Complete the registration/log in process.  Click Register and follow the prompts.

2.  After you register, click Start Now.  Select **Hillsborough Superior Court Southern District** as the location.

3.  Select "I am filing into an existing case".  Enter **226-2024-CV-00102** and click Next.

4.  When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5.  Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.